UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
FILED
JAN - 6 2004
Michael N. Milby, Clerk
Laredo Division

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| JIMMY RAY PIZZLATTO | § | |
| | § | |

L-04-0038

### INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

On or about December 12, 2003, in the Southern District of Texas and within the jurisdiction of the Court, **Defendant,**

**JIMMY RAY PIZZLATTO,**

knowing and in reckless disregard of the fact that **WILSON DOS SANTOS** was an alien who had come to, entered, and remained in the United States in violation of law, did transport and move such alien, for purpose of commercial advantage or private financial gain and in furtherance of such violation of law, within the United States by means of a motor vehicle.

In violation of Title 8, United States Code, Section 1324 and Title 18, United States Code, Section 2.

SCANNED

### COUNT TWO

On or about December 12, 2003, in the Southern District of Texas and within the jurisdiction of the Court, **Defendant,**

**JIMMY RAY PIZZLATTO,**

knowing and in reckless disregard of the fact that **FABIO JUNIOR DE CARVALHO** was an alien who had come to, entered, and remained in the United States in violation of law, did transport and move such alien, for purpose of commercial advantage or private financial gain and in furtherance of such violation of law, within the United States by means of a motor vehicle.

In violation of Title 8, United States Code, Section 1324 and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

_____
JESSE SALAZAR
Assistant United States Attorney

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By_____
Deputy clerk

AO 245B (Rev. 06/05) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Laredo

OCT 11 2005 EH
Michael N. Milby, Clerk
Laredo Division

OCT 17 2005
Michael N. Milby, Clerk
Laredo Division

UNITED STATES OF AMERICA
v.
**JIMMY RAY PIZZLATTO**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: **5:04CR00038-001**
USM NUMBER: 30801-179

Myrna G. Montemayor, AFPD
Defendant's Attorney

☐ See Additional Aliases.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    one on February 17, 2004
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 U.S.C. § 1324 (a)(1)(B)(i) | Transport an undocumented alien within the United States for private financial gain by means of a motor vehicle | 12/12/2003 | One |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count(s)  two    ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 30, 2005
Date of Imposition of Judgment

Signature of Judge

**GEORGE P. KAZEN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

10/8/05
Date

TRUE COPY, I CERTIFY
ATTEST:
Michael N. Milby, Clerk
By _____ Deputy clerk

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 4 -- Probation

Judgment -- Page 2 of 5

DEFENDANT: **JIMMY RAY PIZZLATTO**
CASE NUMBER: **5:04CR00038-001**

# PROBATION

The defendant is hereby sentenced to probation for a term of: **3 years**

The defendant waived the right to appeal the sentence.

☐ See Additional Probation Terms.

The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 4C -- Probation

Judgment -- Page 3 of 5

DEFENDANT: JIMMY RAY PIZZLATTO
CASE NUMBER: 5:04CR00038-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to perform 90 hours of community service as approved by the probation officer to be completed within 15 months of probation term.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

Judgment — Page 4 of 5

DEFENDANT: **JIMMY RAY PIZZLATTO**
CASE NUMBER: **5:04CR00038-001**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | | |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

☐ See Additional Restitution Payees.

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine   ☐ restitution.

☐ the interest requirement for the ☐ fine   ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment -- Page 5 of 5

DEFENDANT: **JIMMY RAY PIZZLATTO**
CASE NUMBER: **5:04CR00038-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ __100.00__ due immediately, balance due
   ☐ not later than _____, or
   ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of $ _____ over a period of _____ , to commence _____ days after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $ _____ over a period of _____ , to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
       Make all payments payable to: U.S. District Clerk, 1300 Victoria, Suite # 1131, Laredo, TX 78040

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**     **Total Amount**     **Joint and Several Amount**     **Corresponding Payee, if appropriate**

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLOSED, PRIOR

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Laredo)
## CRIMINAL DOCKET FOR CASE #: 5:04-cr-00038-ALL
### Internal Use Only

Case title: USA v. Pizzlatto  
Magistrate judge case number: 5:03-mj-07116

Date Filed: 01/06/2004

Assigned to: Judge George P. Kazen

**Defendant**

**Jimmy Ray Pizzlatto (1)**  
*TERMINATED: 09/30/2005*

represented by **Federal Public Defender**  
P. O. Box 1562  
Laredo, TX 78042-1562  
Fax: INS_lfpd  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
Designation: Public Defender or Community Defender Appointment

**Pending Counts**

Count(s) 1-2: 8:1324.F Transporting undocumented aliens within the US. Penalty: Not more than 10 yrs and/or $250,000 fine; $100 cvf; not more than 3 yrs tsr.
(1)

**Disposition**

SENTENCE: 3 yrs probation; No fine; 90 hrs community service w/in 1st 15 mos of TSR.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

Count(s) 1-2: 8:1324.F Transporting undocumented aliens within the US. Penalty: Not more than 10 yrs and/or $250,000 fine; $100 cvf; not more than 3 yrs tsr.
(2)

**Disposition**

Dismissed on govt's oral mtn.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Material Witness**

**Wilson Dos Santos**  
*TERMINATED: 09/30/2005*

represented by **Wilson Dos Santos**  
PRO SE

TRUE COPY I CERTIFY  
ATTEST  
Michael N. Milby, Clerk  
By  
Deputy clerk 18/2006

https://156.124.2.192/cgi-bin/DktRpt.pl?426890346998818-L_923_0-1

**Material Witness**

**Fabio Junior De Carvalho**
*TERMINATED: 09/30/2005*

represented by **Fabio Junior De Carvalho**
PRO SE

---

**Plaintiff**

**USA**

represented by **Financial Litigation**
U S Attorney's Office
Southern District of Texas
P O Box 61129
Houston, TX 77208
713-567-9000
Fax: 713-718-3391 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Pretrial Svcs-La**
PO Box 1460
Laredo, TX 78042-1460
956-794-1030 fax
Fax: 956-790-1743
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US Probation - L**
1300 Victoria, Ste 2111
Laredo, TX 78040
956-726-2915 fax
Fax: 956-726-2915 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jesus Salazar**
US Attorney's Office
PO Box 1179
Laredo, TX 78042
956-794-2103
Fax: 956-726-2266
Email: jesse.salazar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2003 | | ARREST of Jimmy Ray Pizzlatto (DOB: 02/25/61) [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | COMPLAINT as to Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | AO 257 Information Sheet as to Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | Initial appearance as to Jimmy Ray Pizzlatto held before Magistrate Judge Adriana |

| | | |
|---|---|---|
| | | Arce-Flores; Deft. requested atty. FPD, appt'd; Bond set at $50,000c/s with $1,000 cash deposit; Deft. remanded to custody ;Preliminary Examination set for 11:00 12/22/03 for Jimmy Ray Pizzlatto Ct Reporter: S Medellin Tape Number: ERO Interpreter: A Adriano (not used) Appearances: D Saldana, Ausa; D Ramirez, FPD; L Frausto, PTSO; A Sandoval, BP; (Defendant informed of rights.) , filed. [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | CJA 23 FINANCIAL AFFIDAVIT by Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | ORDER Appointing Federal Public Defender for Jimmy Ray Pizzlatto . Attorney Federal Public Defender added. ( Appointed by Magistrate Judge Adriana Arce-Flores ), entered. [ 5:03-m -7116 ] (smedellin) (Entered: 12/17/2003) |
| 12/15/2003 | | AFFIDAVIT of Material Witness Wilson Dos Santos (DOB: 05/29/80), Fabio Junior De Carvalho (DOB: 02/15/85) as to Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (nortiz) (Entered: 12/18/2003) |
| 12/15/2003 | | Initial Appearance of Material Witness Wilson Dos Santos ( before Magistrate Judge Adriana Arce-Flores ) as to Jimmy Ray Pizzlatto (Material witnesses advised of charges and rights, waived Atty., $5,000. c/s bond, remanded to custody ) , held. Tape No: ERO [ 5:03-m -7116 ] (nortiz) (Entered: 12/18/2003) |
| 12/15/2003 | | CJA 23 FINANCIAL AFFIDAVIT (of Material Witness) by Wilson Dos Santos as to Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (nortiz) (Entered: 12/18/2003) |
| 12/15/2003 | | Initial Appearance of Material Witness Fabio Junior De Carvalho ( before Magistrate Judge Adriana Arce-Flores ) as to Jimmy Ray Pizzlatto (Material witnesses advised of charges and rights, waived Atty., $5,000. c/s bond, remanded to custody) , held. Tape No: ERO [ 5:03-m -7116 ] (nortiz) (Entered: 12/18/2003) |
| 12/15/2003 | | CJA 23 FINANCIAL AFFIDAVIT (of Material Witness) by Fabio Junior De Carvalho as to Jimmy Ray Pizzlatto , filed. [ 5:03-m -7116 ] (nortiz) (Entered: 12/18/2003) |
| 12/17/2003 | | Appearance BOND with Order Setting Conditions of Release entered by Jimmy Ray Pizzlatto in Amount $ 50,000. w/a $1,000. cash deposit, along with the additional bond conditions set by Pretrial Services, filed. ( Signed by Magistrate Judge Adriana Arce-Flores ) (nortiz) (Entered: 02/04/2004) |
| 01/06/2004 | 1 | INDICTMENT as to Jimmy Ray Pizzlatto (1) count(s) 1-2 ,filed. (Preliminary Examination cancelled.) (amontemayor) (Entered: 01/20/2004) |
| 01/06/2004 | | **Added Government Attorney Jesus Salazar (amontemayor) (Entered: 01/20/2004) |
| 01/06/2004 | | **Added Pretrial Services, Financial Litigation Unit and Probation (amontemayor) (Entered: 01/20/2004) |
| 01/07/2004 | 2 | NOTICE of Setting : Set Arraignment for 8:00 1/14/04 for Jimmy Ray Pizzlatto before Magistrate Judge Marcel C. Notzon , filed. Parties ntfd. (amontemayor) (Entered: 01/20/2004) |
| 01/14/2004 | 3 | Call for Arraignment as to Jimmy Ray Pizzlatto not held before Magistrate Judge Marcel C. Notzon. Atty Melissa Garcia to file waiver of arraignment; atty received notice of settings , filed. (amontemayor) (Entered: 01/23/2004) |
| 01/14/2004 | 4 | WAIVER OF PERSONAL APPEARANCE at Arraignment and Entry of Plea of Not Guilty by Jimmy Ray Pizzlatto (1) count(s) 1-2 , filed. (amontemayor) (Entered: 01/23/2004) |
| 01/14/2004 | 5 | SCHEDULING ORDER setting Motion Filing deadline on 10:00 1/26/04 for Jimmy Ray Pizzlatto ; Pretrial Conference for 9:00 2/17/04 Jury Selection for 1:30 2/20/04 before Judge George P. Kazen, entered. Parties ntfd. (amontemayor) (Entered: 01/23/2004) |

| 02/10/2004 | 6 | MOTION by Jimmy Ray Pizzlatto to continue final pretrial conference , filed. (vcaballero) (Entered: 02/10/2004) |
|---|---|---|
| 02/10/2004 | 7 | ORDER denying defts[6-1] motion to continue final pretrial conference as to Jimmy Ray Pizzlatto (1) ( Signed by Judge George P. Kazen ), entered. Parties ntfd. (bmendoza) (Entered: 02/10/2004) |
| 02/10/2004 | 8 | SCHEDULING ORDER setting Final Pretrial Conference for 2:00 2/17/04 for Jimmy Ray Pizzlatto before Judge George P. Kazen, entered. Parties ntfd. *** NOTICE OF TIME CHANGE *** (dflores) (Entered: 02/11/2004) |
| 02/17/2004 | 9 | Re-Arraignment held before Judge George P. Kazen Ct Reporter: P Galvan/ERO; Interpreter: none; Appearances: J Salazar f/gvt; FPD M Hinojosa f/dft, filed. Plea of Guilty: Jimmy Ray Pizzlatto (1) count(s) 1 (Terminated motions - ) Guilty plea to ct 1; written plea agreement; factual basis for guilty plea; order for psi, due 03/23/04; dft continued on bond. (dflores) (Entered: 02/18/2004) |
| 02/17/2004 | 10 | Plea Agreement as to Jimmy Ray Pizzlatto, filed. (dflores) (Entered: 02/18/2004) |
| 02/17/2004 | 11 | FACTUAL BASIS for plea by USA as to Jimmy Ray Pizzlatto, filed. (dflores) (Entered: 02/18/2004) |
| 02/17/2004 | 12 | ORDER for Disclosure of PSI, PSI completion by 3/23/04 for Jimmy Ray Pizzlatto before Judge George P. Kazen, entered. Parties ntfd. (dflores) (Entered: 02/18/2004) |
| 07/07/2004 | 13 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Jimmy Ray Pizzlatto, no objections, filed. (dflores) (Entered: 07/08/2004) |
| 07/07/2004 | 14 | SEALED Confidential Sentencing Recommendation regarding Jimmy Ray Pizzlatto to the Court, filed and placed in vault. (dflores) (Entered: 07/08/2004) |
| 07/29/2004 | 15 | NOTICE of Setting : Set Sentencing for 2:00 8/9/04 for Jimmy Ray Pizzlatto before Visiting Judge Adrian G. DuPlantier , filed. Parties ntfd. (dflores) (Entered: 07/30/2004) |
| 08/09/2004 | 16 | Call for sentence as to Jimmy Ray Pizzlatto not held before Visiting Judge Adrian G. DuPlantier Ct Reporter: Leticia Gomez; Interpreter: none; Appearances: R Jones f/J Salazar f/gvt; FPD M Garcia f/dft, filed. Oral motion for continuance from defense atty; case reset; dft not present from Alabama. (dflores) (Entered: 08/10/2004) |
| 09/30/2005 | 17 | SEALED MOTION by USA as to Jimmy Ray Pizzlatto, filed. (mmarquez) (Entered: 10/03/2005) |
| 09/30/2005 | 18 | SEALED ORDER granting [17] Sealed Motion as to Jimmy Ray Pizzlatto (1).(Signed by Judge George P. Kazen.) Parties notified.(mmarquez) (Entered: 10/03/2005) |
| 09/30/2005 | 19 | Minute Entry for proceedings held before Judge George P. Kazen :Sentencing held on 9/30/2005 for Jimmy Ray Pizzlatto (1), Count(s) 1, SENTENCE: 3 yrs probation; No fine; 90 hrs community service w/in 1st 15 mos of TSR.; Count(s) 2, Dismissed on govt's oral mtn. The Court grants govt's mtn. Deft waived appeal. Appearances:Jesse Salazar f/govt; Melissa Garcia f/deft;.(Court Reporter: Leticia Verdin) (Interpreter:Not used) Deft remanded to bond , filed.(mmarquez) (Entered: 10/04/2005) |
| 09/30/2005 |  | DISMISSAL OF COUNTS on Government Motion as to Jimmy Ray Pizzlatto. Jimmy Ray Pizzlatto (1) Count,2, ***Case Terminated as to Jimmy Ray Pizzlatto, ***Terminated defendant Jimmy Ray Pizzlatto and Material Witnesses Fabio Junior De Carvalho and Wilson Dos Santos, pending deadlines, and motions. (mmarquez) (Entered: 10/04/2005) |
| 10/11/2005 | 20 | JUDGMENT as to Jimmy Ray Pizzlatto ( Signed by Judge George P. Kazen ). Parties notified. (mmarquez) (Entered: 10/17/2005) |
| 10/26/2005 | 21 | ORDER to Disburse Bond in the amount of $1,000.00 to Depositor: Tommie Alexander as to Jimmy Ray Pizzlatto ( Signed by Judge George P. Kazen ). Parties notified. |

|  |  | (mmarquez) (Entered: 10/27/2005) |
| --- | --- | --- |
| 05/12/2006 | ● 22 | Probation Jurisdiction Transferred to Middle District of Alabama, Montgomery Division as to Jimmy Ray Pizzlatto. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, financial sheet, judgment and docket sheet, filed. (mmarquez) (Entered: 05/18/2006) |

```
RUN ON 05/18/06                    FEDERAL COURT SYSTEMS                         PAGE: 1
                                  SOUTHERN DISTRICT OF TX
                                   CASE INQUIRY REPORT
**********************************************************************************

CASE NO: 5:04-CR-38-01            TITLE: USA VS JIMMY RAY PIZZLATTO

 DEFENDANT #
1 JIMMY RAY PIZZLATTO

TRANSACTION  RECEIPT/     RECEIPT/    ORDERED AMOUNT   AMOUNT PAID   BALANCE DUE   ACCOUNT    PAYMENT TYPE
             VOUCHER      VOUCHER     INCREASE/        TYPE OF       ACCOUNT       DEFENDANT
             NUMBER       DATE        (DECREASE)       TRANS-        NUMBER        PAYEE/BANK
                                      CASE BAL         ACTION                      NUMBER

RECEIVED     552479501    10/26/05         100.00                                                            U.S.        504100   SPECIAL ASSESSMENT
                                           -------                                                           TREASURY
                                            100.00          100.00          0.00
RECEIVED     552479501    10/26/05          25.00    MO     504100     1                                                                    25.00
RECEIVED     552505001    11/21/05          25.00    MO     504100     1                                                                    25.00
RECEIVED     552514301    12/09/05          50.00    MO     504100     1                                                                    50.00

********* CASE SUMMARY *********
TOTAL CASE BALANCE:                                          100.00

BALANCE IN U.S. TREASURY:                                                        0.00
CASE DEPOSITORY MAINT. BALANCE :                                                 0.00
BALANCE IN COMMERCIAL BANKS:                                                     0.00
CASE DEPOSITORY MAINT. BALANCE :                                                 0.00

DEPOSITS TO RECEIPT ACCOUNTS:                                                                                                              100.00

TYPE OF TRANSACTION:
AJ: ADJUSTMENT             BV: BANK VOUCHER          CH: CASH
BD: ADJUSTMENT-388800      BT: BANK TRANSFER         CC: CREDIT CARD       CR: CASE REFUND
DD: DIRECT BANK DEPOSIT    CL: COLLATERAL            CN: CONVERSION        FF: FORFEITURE
CK: CHECK                  DW: DIRECT WITHDRAWL      DV: DEBIT VOUCHER     VD: VOID
CV: CASE VOUCHER           MO: MONEY ORDER           TR: TRANSFER
I : INTEREST
```